LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DIEGO CHAVEZ and
LUIS CHAVEZ,
*on behalf of themselves and*
*FLSA Collective Plaintiffs,*

        Plaintiffs,

  v.

CHINANTLA DELI CORP.
   d/b/a CHINANTLA RESTAURANT DELI & GROCERY,
THE LITTLE CHINANTLA RESTAURANT CORP.
   d/b/a THE LITTLE CHINANTLA RESTAURANT,
GUADALUPE RAMOS and ARTURO PALAGIOS,
        Defendants.

---

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, DIEGO CHAVEZ and LUIS CHAVEZ, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, CHINANTLA DELI CORP. d/b/a CHINANTLA RESTAURANT DELI & GROCERY, THE LITTLE CHINANTLA RESTAURANT CORP. d/b/a THE LITTLE CHINANTLA RESTAURANT, GUADALUPE RAMOS and ARTURO

1

PALAGIOS (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343.

3. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiff DIEGO CHAVEZ is a resident of New York County, New York.

5. Plaintiff LUIS CHAVEZ is a resident of New York County, New York.

6. Defendant CHINANTLA DELI CORP. d/b/a Chinantla Restaurant Deli & Grocery is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 657 Myrtle Ave, Brooklyn, New York, 11205.

7. Defendant THE LITTLE CHINANTLA RESTAURANT CORP. d/b/a The Little Chinantla Restaurant Corp. is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 96-06 43rd Avenue, Corona, New York, 11368.

8. The Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

   a) the Corporate Defendants are commonly owned and operated by the Individual Defendants;

   b) the Corporate Defendants have the same corporate leadership. Individual Defendants GUADALUPE RAMOS and ARTURO PALAGIOS are officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants;

   c) corporate defendants maintain centralized labor relations, human resources, and payroll operations; employment policies apply across the Restaurants, and are formulated centrally by GUADALUPE RAMOS, ARTURO PALAGIOS and other senior officials for Corporate Defendants.

   d) the Corporate Defendants utilize common payroll operation, maintain identical wage and hour policies, and employees are interchangeable among the two Restaurants.

9. Defendant GUADALUPE RAMOS is the Chairman or Chief Executive Officer of Corporate Defendants CHINANTLA DELI CORP. and THE LITTLE CHINANTLA RESTAURANT CORP. Defendant GUADALUPE RAMOS exercised control over the terms and conditions of Plaintiffs' and FLSA Collective Plaintiffs' employment. With respect to Plaintiffs and FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. Defendant ARTURO PALAGIOS is a principle of Corporate Defendant CHINANTLA DELI CORP. and THE LITTLE CHINANTLA RESTAURANT CORP. Defendant ARTURO PALAGIOS exercised control over the terms and conditions of Plaintiffs' and FLSA Collective Plaintiffs' employment. With respect to Plaintiffs and FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

11. Although Plaintiffs did not work for THE LITTLE CHINANTLA RESTAURANT CORP., it is appropriately named in this Complaint. Because the Corporate Defendants share identical illegal wage and hour policies, THE LITTLE CHINANTLA RESTAURANT CORP. is properly named, based on its outstanding liability to the FLSA Collective Plaintiffs who Plaintiffs seek to represent.

12. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including but not limited to delivery persons, cashiers, servers, runners, busboys, food preparers, cooks, and dishwashers) employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

4

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

*Plaintiff Diego Chavez*

17. In or about February 2018, Plaintiff DIEGO CHAVEZ was hired by Defendants to work as a delivery person for Defendants' Chinantla restaurant located at 657 Mytle Ave, Brooklyn, New York.

18. Diego Chavez worked for Defendants until in or about June 2018.

19. During his employment, Diego Chavez worked over forty (40) hours per week and over ten (10) hours per day.

20. Specifically, Diego Chavez worked from 12 p.m. to 1 a.m. for six (6) days a week, for total of seventy-eight (78) hours each week.

21. Throughout Plaintiff Diego Chavez's employment, he received his compensation on a fixed salary basis, at a daily rate of $100. There was never any agreement that Plaintiff Diego Chavez's fixed salary was intended to cover his overtime compensation.

*Plaintiff Luis Chavez*

22. In or about September 2017, Plaintiff LUIS CHAVEZ was hired by Defendants to work as a delivery person for Defendants' Chinantla restaurant located at 657 Mytle Ave, Brooklyn, New York.

23. Luis Chavez worked for Defendants until in or about December 2017.

24. During his employment, Plaintiff Luis Chavez worked over forty (40) hours per week and worked over ten (10) hours per day.

25. Specifically, Luis Chavez worked from 12 p.m. to 1 a.m. for 6 days a week, for total of seventy-eight (78) hours each week.

26. Throughout Plaintiff Luis Chavez's employment, he received his compensation on a fixed salary basis, at a daily rate of $100. There was never any agreement that Plaintiff Luis Chavez's fixed salary was intended to cover his overtime compensation.

27. Defendants willfully violated Plaintiffs Diego Chavez and Luis Chavez's rights by paying them on a salary basis, because Diego Chavez and Luis Chavez are non-exempt employees who must be paid on an hourly basis under the FLSA. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half).

28. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

29. Plaintiffs reallege and reaver Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Corporate Defendants CHINANTLA DELI CORP. and THE LITTLE CHINANTLA RESTAURANT CORP. had gross revenues in excess of $500,000.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

34. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective

Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

39. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

    d.       An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    e.       An award of statutory penalties, and prejudgment and postjudgment interest;

    f.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    g.       Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 28, 2019        Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:    /s/ C.K. Lee
       C.K. Lee, Esq. (CL 4086)